## FIXING THE GRADE OF A DEDICATED STREET.

Circuit Court of Lorain County.

THE ELY REALTY CO. v. CITY OF ELYRIA.*

Decided, September 28, 1910.

*Municipal Corporations—Dedication of Street—Establishing Grade—Damages.*

Where land is dedicated for a street, the dedication carries with it the right to improve to a reasonable grade.

*E. G., H. C.* and *T. C. Johnson,* for plaintiff in error.
*H. A. Pounds,* contra.

HENRY, J.; WINCH, J.. and MARVIN, J., concur.

The parties stand here as they stood below. There the action was one to recover damages occasioned by the placing of the abutment of a high level bridge across Black river in the highway in front of plaintiff's land in the city of Elyria. The highway was originally dedicated to the river's edge by Herman Ely, the founder of the city, and a predecessor of the plaintiff in the ownership of said land. The petition, though intimating that the dedication was never accepted, nevertheless alleges that the location of the bridge abutment is a public highway. The city, it may be fairly inferred from the petition, had, by proper proceedings taken shortly before constructing the bridge, caused the highway to be extended in contemplation of law across the river to a corresponding highway on the opposite bank. Then it proceeded to effect what amounts to a very considerable change in the actual grade, by building said high level bridge. The abutments constitute a substantial impediment to ingress and egress to and from plaintiff's land. No previous legal grade had, however, been established, and plaintiff's land is unimproved.

Under these circumstances we are unable to distinguish the case from the long line of authorities which establish that a rea-

*Affirmed without opinion, *Ely Realty Co.* v. *Elyria,* 86 Ohio State, 328.

sonable grade when first fixed by the public authorities, however much it may alter the actually existing surface of a highway, affords no ground for the recovery of damages by abutting lot owners. Their plight is expressed in the maxim *damnum absque injuria.* Where land is dedicated for a street the dedication carries with it the right to improve the street to a reasonable grade.

The facts of *Cohen* v. *Cleveland,* 43 Ohio St., 190, are admittedly such as to distinguish it from the case at bar. It will be remembered that the facts of that case are these (I read from the syllabus):

"Under the acts of 1872 and 1876 (69 O. L., 138, 73 Ohio Laws, 107), a viaduct sixty-four feet wide, with a level roadway was constructed in Cleveland across the Cuyahoga river. On the south side of Superior street, between Water street and the river, a distance of 768 feet, the city condemned a strip of ground, and the viaduct was constructed over that strip and over part of Superior street, about thirty-seven feet being over the strip opposite Cohen's premises, and the balance over the street, so that in effect Superior street, which was ninety-three feet wide, is reduced in width between Water street and the river, and opposite Cohen's premises its present width is sixty-six feet. The elevation of the roadway of the viaduct above Superior street gradually increases from Water street to the river, and opposite the premises of Cohen which are on the north side of Superior street, midway between Water street and the river, the elevation is forty-five feet and it is alleged that the viaduct diverts travel from that part of Superior street, impairs the light and air to Cohen's premises, causes noise and the jarring of his house day and night, and has impaired the value of his property and reduced its rental value. *Held:*

"1. The viaduct is a lawful structure.

"2. On proof of the alleged injury, Cohen is entitled to damages.

"3. Cohne is not owner of a lot 'bounding or abutting upon the proposed imphovement,' within the meaning of the municipal code, Section 564, and hence it was not necessary for him to file a claim for damages under that section."

We do not consider that that decision is applicable to the facts of the case before us, and while the facts here undoubtedly present some elements that have not been present in any cases

of the sort referred to in the long line of decisions of the Supreme Court of this state, yet we think that the facts are to be assimilated to the change of grade cases where no grade had previously been established, and the demurrer to the petition below was properly sustained, and the judgment is affirmed.